IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PROTON PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II) | 17-md-2789 (CCC)(MF) (MDL 2789) |
| **This Document Relates To:**<br><br>KAREN FORTNEY,<br><br>*Plaintiff,*<br><br>v.<br><br>ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, MERCK & CO. INC. D/B/A MERCK, SHARP & DOHME CORPORATION, ABBOTT LABORATORIES, TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA PHARMACEUTICALS, LLC, TAKEDA PHARMACEUTICALS INTERNATIONAL, INC., TAKEDA DEVELOPMENT CENTER AMERICAS INC., TAKEDA CALIFORNIA, INC., TAKEDA PHARMACEUTICALS AMERICA, INC., AND TAP PHARMACEUTICALS PRODUCTS, INC.,<br><br>*Defendants.* | |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through their undersigned counsel and

as permitted by Case Management Order No. 7.  Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand in In re: Proton-Pump Inhibitor Products Liability Litigation*, MDL 2789, in the United States District Court for the District of New Jersey pursuant to Case Management Order No. 7.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint and Jury Demand*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1. Name of individual injured/deceased due to the use of PPI Product(s): <u>Karen Fortney</u>.

2. Consortium Claim(s):  The following individual(s) allege damages for loss of consortium: _____.

3. Survival and/or Wrongful Death Claims:

   a. Plaintiff, _____, is filing this case in a representative capacity as <u>the</u> _____ of the Estate of _____ _____, deceased.

   b. Survival Claim(s):  The following individual(s) allege damages for survival claims, as permitted under applicable state laws: _____ _____.

4. As a result of using PPI Products, Plaintiff/Decedent suffered pain and suffering, emotional distress, mental anguish, and personal and economic injur(ies) that are alleged to have been caused by the use of the PPI Products identified in Paragraph 10, below, but not limited to the following:

   _____X_____ injury to himself/herself

2

     _____ injury to the person represented

     _____ wrongful death

     _____ survivorship action

     \_\_\_\_\_X_____ economic loss

     _____ loss of services

     _____ loss of consortium

     _____ other: _____

                                             _____

**Identification of Defendants**

5. Plaintiff(s)/Decedent is/are suing the following Defendant(s) (please check all that apply):

     ☒     Abbott Laboratories

     ☒     AstraZeneca Pharmaceuticals LP

     ☐     AstraZeneca PLC

     ☐     AstraZeneca AB

     ☐     Zeneca Inc.

     ☐     Astra US Holding Corporation

     ☐     Astra USA LLC

     ☒     AstraZeneca LP

     ☐     KBI Sub, Inc.

     ☐     GlaxoSmithKline Consumer Healthcare Holdings (US) LLC

     ☐     GlaxoSmithKline Consumer Healthcare LP

☐   GlaxoSmithKline Consumer Healthcare Holdings (US) IP LLC

☒   Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation

☐   Novartis Corporation

☐   Novartis Pharmaceutical Corporation

☐   Novartis Vaccines and Diagnostics, Inc.

☐   Novartis Institutes for Biomedical Research, Inc.

☐   Novartis Consumer Health, Inc.

☐   Pfizer, Inc.

☐   The Procter & Gamble Company

☐   Procter & Gamble Manufacturing Company

☒   Takeda Pharmaceuticals USA, Inc.

☒   Takeda Pharmaceuticals America, Inc.

☒   Takeda Pharmaceuticals LLC

☒   Takeda Pharmaceuticals International, Inc.

☒   Takeda California, Inc.

☒   Takeda Development Center Americas, Inc. f/k/a Takeda Global   Research & Development Center, Inc.

☒   Takeda Pharmaceutical Company Limited

☒   TAP Pharmaceutical Products, Inc. f/k/a TAP Holdings Inc.

☐   Wyeth Pharmaceuticals, Inc.

☐   Wyeth-Ayerst Laboratories

☐   Wyeth LLC

☐   Other(s) Defendant(s) (please identify):

 

 

 

 

## JURISDICTION & VENUE

**Jurisdiction:**

6. Jurisdiction in this Short Form Complaint is based on:

   ☒   Diversity of Citizenship

   ☐   Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

   _____

**Venue:**

7. District Court(s) in which venue was proper where you might have otherwise filed this *Short Form Complaint* absent Case Management Order No. 7 entered by this Court and/or to where remand could be ordered: <u>United States District Court Northern District of Ohio</u>.

## CASE SPECIFIC FACTS

8. Plaintiff(s) currently reside(s) in (City, State): <u>Girard, Ohio</u>             .

9. To the best of Plaintiff's knowledge, Plaintiff/Decedent used PPI Product(s) during the following time period: <u>2003-2008</u>      .

10. Plaintiff/Decedent used the following PPI Products, for which claims are being asserted:

    ☐   Dexilant

&boxtimes;   Nexium

☐   Nexium 24HR

&boxtimes;   Prevacid

☐   Prevacid 24HR

&boxtimes;   Prilosec

☐   Prilosec OTC

☐   Protonix

&boxtimes;   Other (List All):   <u>Prevpac</u>

11.   The injuries suffered by Plaintiff/Decedent as a result of the use of PPI Products include, among others that will be set forth in Plaintiff's discovery responses and medical records:

☐   Acute Interstitial Nephritis (AIN)

☐   Acute Kidney Injury (AKI)

&boxtimes;   Chronic Kidney Disease (CKD)

☐   End Stage Renal Disease (ESRD)

☐   Dialysis

☐   Death

☐   Other(s) (please specify):

_____

_____

_____

12. At the time of the Plaintiff's/Decedent's diagnosis of injury, Plaintiff/Decedent resided in (City, State): <u>Girard, Ohio</u>.

**CAUSES OF ACTION**

13. Plaintiff(s), again, hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

14. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein more specifically adopted and incorporated by reference by Plaintiff(s) please check all that apply):

☒ Count I: Strict Product Liability

☒ Count II: Strict Product Liability – Design Defect

☒ Count III: Strict Product Liability – Failure to Warn

☒ Count IV: Negligence

☒ Count V: Negligence *Per Se*

☒ Count VI: Breach of Express Warranty

☒ Count VII: Breach of Implied Warranty

☒ Count VIII: Negligent Misrepresentation

☒ Count IX: Fraud and Fraudulent Misrepresentation

☒ Count X: Fraudulent Concealment

☒ Count XI: Violation of State Consumer Protection Laws of the State(s) of: <u>Ohio</u>.

☐ Count XII: Loss of Consortium

☐ Count XIII: Wrongful Death

☐ Count XIV: Survival Action

8

☐   Furthermore, Plaintiff(s) assert(s) the following additional theories and/or Causes of Action against Defendant(s) identified in Paragraph five (5) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit and such further relief as the Court deems equitable and just, and as set forth in the *Master Long Form Complaint and Jury Demand*, as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted,

**ANAPOL WEISS**

/s/ Tracy A. Finken
Tracy A. Finken, Esquire
Sol H. Weiss, Esquire
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA  19103
215-735-1130 (P)
215-875-7701 (F)
tfinken@anapolweiss.com
sweiss@anapolweiss.com

Dated: March 5, 2018